# STATE OF OREGON,
*Appellant,*

*v.*

# LEONARD LEE LEWIS,
*Respondent.*

(90-07-33549; CA A73741)

850 P2d 409

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Hari Nam S. Khalsa, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

The state seeks review of sentences imposed after the court revoked defendant's probation. We reverse and remand.

Defendant was convicted of two counts of dealing in child pornography. ORS 163.673. Under the sentencing guidelines, the trial court imposed presumptive sentences of 90 custody units on each count, 30 of which could be served in jail, and 18 months of probation on each count, to run consecutively. Participation in a sex offender evaluation was a condition of probation. Defendant refused to submit to the evaluation. After a hearing, the trial court issued an order holding defendant in contempt of court "not only [for] past failure to abide by the conditions of probation but also [for] his continual refusal to abide by the conditions of probation." The court ordered defendant jailed until he agreed to submit to the evaluation.[1] He did not appeal that order.

After defendant had been jailed for 84 days, a probation revocation hearing was held. He continued to refuse the evaluation. At the hearing, the state asked for revocation of defendant's probation and for two consecutive six-month prison sentences. The court revoked defendant's probation and sentenced defendant to 84 days in the county jail with credit for the 84 days served.

■ ORS 138.222(4)(a) provides appellate review when "[t]he sentencing court failed to comply with requirements of law in imposing or in failing to impose a sentence." The imposition of a sanction on revocation of probation is controlled by OAR 253-10-002, which states:

"(1) For those offenders whose presumptive sentence was probation, the sentence upon revocation *shall* be a *prison* term up to a maximum of six months.

"* * * * *

"(3) When imposing a revocation sanction, the sentencing judge *shall* also set a term of post-prison supervision in accordance with OAR 253-05-002." (Emphasis supplied.)

---

[1] The issue of contempt is not before us.

Defendant's presumptive sentence was probation. When the court revoked his probation, OAR 253-10-002(1) and (3) required imposition of a prison term on each count and also post-prison supervision. The court did not impose either sanction and thus erred as a matter of law.

■ The state also argues that defendant should not receive credit for time served. The court's authority to credit time served comes from ORS 137.550(6), which provides:

"A defendant who has been previously confined in the county jail *as a condition of probation* pursuant to ORS 137.540 or as part of a probationary sentence pursuant to the rules of the State Sentencing Guidelines Board may be given credit for all time thus served in any order or judgment of confinement resulting from revocation of probation." (Emphasis supplied.)

The order finding defendant in contempt ordered him jailed *for contempt*, not as a condition of probation; therefore, the court lacked authority to credit him for time served.

Reversed and remanded for resentencing.